

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 25, 1939

Honorable H. W. Pitman
County Auditor
Fayette County
LaGrange, Texas

Dear Mr. Pitman:

Opinion No. O-539
Re: Should trip to school
land be paid for from the
General Fund of the County
or the Available School Fund?

Your letter of recent date requesting an
opinion has been received by this office.

We regret that we have been unable to
answer your inquiry before this time, and trust that
you will accept our apology therefor.

You submit for an opinion the following
question:

"Fayette County owns certain school
land in Baylor County and has same leased for grass,
the proceeds of which are credited to the Available
School Fund.

"Said land is also leased for oil; the
lease money for oil is placed to credit of The
Permanent School Fund and this fund is invested
and the returns from the investment goes to the
available school fund.

"Since the land is so far from this
county and more oil activity, it requires occasional
trips to that county to attend to the leases etc., and
in the past the expense of such trips has been paid



out of the General Fund of the county but since
the Available School Fund gets all the revenue
from the investments, I will thank you to advise -
Is it legal to pay the necessary expense of said
trips such as traveling expense, hotel bill, etc.,
out of the Available School Fund?  Or should the
expense be paid out of the General Fund of the
County?"

Relative to the expenditure of the available
free school fund, that portion of Article 2827, Revised Civil
Statutes, 1925, material to your inquiry, reads as follows:

"The public free school fund shall not
be expended except for the following purposes:

"1.  The State and county available fund
shall be used exclusively for the payment of
teachers' and superintendents' salaries, fees for
taking the scholastic census, and interest on
money borrowed on short time to pay salaries of
teachers and superintendents, when these salaries
become due before the school funds for the current
year become available; provided that no loan for the
purpose of the payment of teachers shall be paid
out of funds other than those for the then current
year."

You are respectfully advised that, in our
opinion, the travelling expenses, hotel bill, etc., incurred
in attending to leases on lands held by a county for educa-
tional purposes could not, under Article 2827, supra, be
legally paid out of the rents derived from said land; the
purposes for which the available school funds may be expended
are enumerated in the statute above quoted; those funds may
not, therefore, be spent for purposes not enumerated in the
statute.

You are further advised that in the opinion
of this department, the expenditure was properly charged to
and paid out of the General Fund of the county.

Honorable H. W. Pitman, April 25, 1939, page #3

Truting that this answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant

JB-s

PROVED:

TORNEY GENERAL OF TEXAS